NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HANIF HOPSON, | Civil Action No. 17-6037 (JMV) |
| Plaintiff, | |
| v. | OPINION |
| SGT. THOMAS McVICAR and RYAN GAFFNEY, | |
| Defendants. | |

**VAZQUEZ**, United States District Judge

On August 11, 2017, Plaintiff Hanif Hopson, a prisoner confined in Northern State Prison, initiated this civil rights action seeking to proceed without prepayment of fees or security ("*in forma pauperis*" or "IFP"). (ECF No. 1.) Plaintiff's IFP application establishes his eligibility to proceed pursuant to 28 U.S.C. § 1915; and it is granted. (ECF No. 1-1.)

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must now review the complaint and dismiss the claims if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

I.  DISCUSSION

   A.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted

by lawyers.'" *Id.* (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must review complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by

an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

B. The Complaint

Plaintiff alleges the following facts, which are accepted as true solely for purposes of screening the Complaint. On November 24, 2013, Plaintiff was arrested by Jersey City Police Sergeant McVicar for defiant trespass. (Compl., ECF No. 1, ¶6.) "At no time prior to or contemporaneous with Plaintiff's arrest was [Plaintiff] found to be in possession of contraband nor was there any outstanding warrant(s) for arrest." (*Id.*) While Plaintiff sat in the police car, Sergeant McVicar proceeded to 16-20 Lexington Avenue, Jersey City and conducted a warrantless search in the apartment of Emily McNeal, where Plaintiff sometimes resided with Ms. McNeal who was his girlfriend. (*Id.*) McVicar threatened Ms. McNeal that if she did not consent to the search, he would have her padlocked out of her apartment and management would let the police into the apartment. (*Id.*) Ms. McNeal was traumatized, and this contributed to her suffering a miscarriage of her child with Plaintiff. (*Id.*)

On June 11, 2014, an Indictment was handed down by Prosecutor Ryan Gaffney, based on the warrantless search, and in violation of the rules of conduct. (*Id.*) Plaintiff alleges Gaffney violated Ms. McNeal's rights, under the direction of Sergeant McVicar, by not allowing her to leave the police station where she had willingly gone. (*Id.*) Ms. McNeal told officers that she was pregnant and felt ill, but she was not allowed to leave until after 6:00 a.m. (*Id.*) When she arrived at the Jersey City Medical Center at 6:45 a.m., she had already suffered a miscarriage. (*Id.*)

C. Analysis

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights by a state official or employee. Section 1983 provides in relevant part:

3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

D.  Statute of Limitations on Section 1983 Claims

The Court construes the complaint as alleging an unlawful search of Plaintiff's residence and false arrest of Plaintiff in violation of the Fourth Amendment. *See e.g. Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010) (analyzing § 1983 unlawful search claims under the Fourth Amendment); *Wright v. City of Philadelphia*, 409 F.3d 595 (3d Cir. 2005) (analyzing § 1983 false arrest claim under the Fourth Amendment). Without determining whether Plaintiff has alleged sufficient facts to state a constitutional claim for unlawful search and false arrest, the Court notes these claims appear to be barred by the statute of limitations. "[A] district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run." *Hunterson v. DiSabato*, 244 F. App'x 455, 457 (3d Cir. 2007). There is a two-year statute of limitations for claims brought under Section 1983. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006) ("[f]or section 1983 actions in New Jersey, '[the governing personal injury] statute is N.J.S.A. 2A:14–2, which provides that an action for injury to the person caused by wrongful act, neglect, or default, must be convened within

two years of accrual of the cause of action") (quoting *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987)).

Plaintiff filed this action in August 2017. The facts alleged in support of his claims occurred in November 2013 and June 2014, more than two years before the complaint was filed. (ECF No. 1, ¶6.) Therefore, his claims for unlawful search and false arrest against McVicar are untimely and are dismissed without prejudice. Plaintiff may amend his complaint if he can accurately allege facts that support equitable tolling of the statute of limitations.

### E. Prosecutorial Immunity

The Court construes the complaint to contain a malicious prosecution claim against Prosecutor Ryan Gaffney for bringing an Indictment against Plaintiff based on the fruits of a warrantless search. In *Imbler v. Pachtman*, 424 U.S. 409, 428 (1976), the Supreme Court held that prosecutors are entitled to absolute immunity where the prosecutor's activities were intimately associated with the judicial phase of the criminal process, such as the decision to initiate a prosecution. *See also Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992) ("[a] prosecutor is absolutely immune when making [the decision to initiate a prosecution], even where he acts without a good faith belief that any wrongdoing has occurred.") Gaffney is entitled to absolute immunity for his decision to bring an Indictment against Plaintiff. This claim is dismissed with prejudice based on absolute prosecutorial immunity.[1]

### F. Claims Asserted on Behalf of Ms. McNeal

Plaintiff asserts claims on behalf of his girlfriend for unlawful search of her apartment, and unlawful seizure when she voluntarily went to the police station but was not allowed to leave when

---

[1] The Court also notes that Plaintiff alleges Gaffney brought the Indictment in June 2014, more than two years before Plaintiff filed this action, suggesting this claim too is barred by the statute of limitations.

5

she reported that she was pregnant and felt ill. "[T]hird parties lack standing to bring claims under § 1983 for violation of the constitutional rights of another." *Norcross v. Town of Hammonton*, Civ. No. 04-2536(RBK), 2006 WL 1995021, at *1 (D.N.J. July 13, 2006) (citing *Pahle v. Colebrookdale Tp.*, 227 F.Supp.2d 361, 381 (E.D. Pa. Mar. 26, 2002) ("[i]t is well-established that a spouse ... has no standing to assert § 1983 claims for violation of the constitutional rights of another"); *Hill v. Pennsylvania Dept. of Corr.*, 521 F. App'x 39, 40-41 (3d Cir. 2013) (per curiam) (inmate's wife lacked standing to bring § 1983 action on his behalf against prison officials for failure to provide mental healthcare to her husband); *see also Reihner v. County of Washington, Pennsylvania*, 672 F. App'x 142, 144 (3d Cir. 2016) (finding parents did not have standing to bring claims based on constitutional rights of their son).

Thus, Plaintiff cannot bring claims on behalf of Ms. McNeal. If she believes that she has been wronged, then she must file a suit herself. Those claims are dismissed.

III. CONCLUSION

For the reasons set forth herein, the Court grants Plaintiff IFP status but dismisses his § 1983 unlawful search and false arrest claims against McVicar without prejudice, as barred by the statute of limitations. The Court dismisses Plaintiff's malicious prosecution claim against Ryan Gaffney with prejudice, based on absolute prosecutorial immunity. Finally, Plaintiff lacks standing to bring § 1983 claims for violation of Ms. McNeal's right to be free from unlawful search and seizure under the Fourth Amendment, and those claims are dismissed.

An appropriate Order accompanies this Opinion.

Dated: October 19, 2017

                                         s/ John Michael Vazquez
                                         JOHN MICHAEL VAZQUEZ
                                         United States District Judge